UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Lessie Gill Dandridge, )<br>as the Special Administrator of the )<br>Estate of JEROME GILL, deceased, )<br>   Plaintiff, )<br>)<br>v. )<br>)<br>COOK COUNTY, THOMAS DART, )<br>The Sheriff of Cook County, sued )<br>in his Official Capacity, TERRANCE ROSS,)<br>ROY JONES, SALVATORE MARRA, LEON )<br>UGARTE, MIZELL WALLS, SGT. GARY )<br>NEWSOM, KIMBERLY BROWN, GARY )<br>CONTRERAS, and CRAIG WILK, )<br>   Defendants. ) | No. 12-CV-5458<br><br>Judge Dow<br><br><u>Jury</u> <u>Demanded</u> |

## **AMENDED COMPLAINT**

NOW COMES the plaintiff, Lessie Gill Dandridge, as the Special Administrator of the Estate of Jerome Gill, by her attorneys, Mark F. Smolens, Law Office of Mark F. Smolens, and Richard R. Mottweiler, Mottweiler & Associates, and as her complaint against the defendants, states the following:

1. This action seeks damages under federal law, Title 42 U.S.C. Section 1983, for defendants' actions of July 2010 which violated plaintiff's decedent's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## **Jurisdiction and Venue**

2. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. Sections 1331 and 1343, and venue in this District is predicated

upon Title 28 U.S.C. Section 1391(b) as all events giving rise to the claims asserted herein took place within this Northern District of Illinois.

## Parties

3. Plaintiff, Lessie Gill Dandridge, brings this action as the Special Administrator of the Estate of Jerome Gill, deceased. Lessie Gill Dandridge, is the natural mother of the decedent, Jerome Gill.

4. At all times material hereto, the plaintiff's decedent, Jerome Gill was a resident of the city of Melrose Park, County of Cook, State of Illinois, in this District. Jerome Gill died on July 15, 2010.

5. Cook County, Illinois is a municipal entity organized under the laws of the State of Illinois.

6. Defendant Thomas Dart is the elected Cook County Sheriff, duly authorized by the State to manage, maintain, and control a police department, hereinafter referred to as the Cook County Sheriff's Police Department. He is being sued in his official capacity because he is responsible for directing, implementing and controlling certain policies and customs of the Cook County Sheriff's Department, as more fully alleged herein, that proximately caused various injuries and ultimately the death of the plaintiff's decedent, all of which took place in violation of Section 1983.

7. Terrance Ross #164 [hereinafter "Ross"] was a sworn law enforcement officer employed by the Cook County Sheriff's Department. At all times material hereto defendant Ross was acting under color of state law

2

and within the scope of his employment with the Cook County Sheriff's Department. Ross is sued individually.

8. Roy Jones #161 [hereinafter "Jones"] was a sworn law enforcement officer employed by the Cook County Sheriff's Department. At all times material hereto defendant Jones as acting under color of state law and within the scope of his employment with the Cook County Sheriff's Department. Jones is sued individually

9. Salvatore Marra #226 [hereinafter "Marra"] was a sworn law enforcement officer employed by the Cook County Sheriff's Department. At all times material hereto defendant Marra was acting under color of state law and within the scope of his employment with the Cook County Sheriff's Department. Marra is sued individually.

10. Leon Ugarte #320 [hereinafter "Ugarte"] was a sworn law enforcement officer employed by the Cook County Sheriff's Department. At all times material hereto defendant Ugarte was acting under color of state law and within the scope of his employment with the Cook County Sheriff's Department. Ugarte is sued individually.

11. Mizell Walls #389 [hereinafter "Walls"] was a sworn law enforcement officer employed by the Cook County Sheriff's Department. At all times material hereto defendant Walls was acting under color of state law and within the scope of his employment with the Cook County Sheriff's Department. Walls is sued individually.

12. Sgt. Gary Newsom #65 [hereinafter "Newsom"] was a sworn law enforcement officer employed by the Cook County Sheriff's Department. At all times material hereto defendant Newsom was acting under color of state law and within the scope of his employment with the Cook County Sheriff's Department. Newsom is sued individually.

13. Kimberly Brown #123 [hereinafter "Brown"] was a sworn law enforcement officer employed by the Cook County Sheriff's Department. At all times material hereto defendant Brown was acting under color of state law and within the scope of her employment with the Cook County Sheriff's Department. Brown is sued individually.

14. Gary Contreras #306 [hereinafter "Contreras"] was a sworn law enforcement officer employed by the Cook County Sheriff's Department. At all times material hereto defendant Contreras was acting under color of state law and within the scope of his employment with the Cook County Sheriff's Department. Contreras is sued individually.

15. Craig Wilk # 397 [hereinafter "Wilk"] was a sworn law enforcement officer employed by the Cook County Sheriff's Department. At all times material hereto defendant Wilk was acting under color of state law and within the scope of his employment with the Cook County Sheriff's Department. Wilk is sued individually.

**Common Facts**

16. On July 15, 2010, at approximately 12:30 p.m. the unarmed

4

plaintiff's decedent, Jerome Gill, was arrested near his home at 1730 West 1st Avenue in Melrose Park Illinois.

17. Upon information and belief, one or more of defendants Ross, Jones, Ugarte, Walls, and Newsom repeatedly punched, kicked and/or struck Jerome Gill about his body, face and head, both prior to and after Jerome Gill was handcuffed.

18. Upon information and belief, defendant Marra tasered Jerome Gill multiple times, at least once while he was handcuffed.

19. Jerome Gill suffered multiple injuries to the head, face and body including bruising, abrasions, skull fracture, subgaleal hemorrhage, and broken nose. Defendant officers left at least one metal taser probe embedded in Jerome Gill's back.

20. Jerome Gill was transported to Gottlieb Memorial Hospital in Melrose Park, Illinois where he was treated for his injuries.

21. Jerome Gill subsequently passed away while being treated for those injuries at approximately 1:30 p.m. on July 15, 2010.

22. Defendants Brown, Contreras, and Wilk were in the vicinity of the 1700 block of West 1st Avenue in Melrose Park Illinois and witnessed or participated in the above described use of tasers and other violence against Jerome Gill.

23. By reason of the above-described acts and omissions of

defendants Ross, Jones, Marra, Ugarte, Walls, Newsom, Brown, Contreras, and Wilk, the plaintiff's decedent, Jerome Gill, sustained severe physical injuries along with other injuries including humiliation, indignities, and suffered great mental and emotional pain and suffering, all to his damage.

24. The aforementioned acts of defendants Ross, Jones, Marra, Ugarte, Walls, Newsom, Brown, Contreras, and Wilk, were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff's decedent's rights and justify an award of exemplary and punitive damages.

## COUNT I
### [§1983 Excessive Force]

25. Plaintiff Lessie Gill Dandridge, hereby realleges and incorporates paragraphs one through twenty-four, above, as and for this paragraph twenty-five of Count I.

26. At all times relevant hereto, plaintiff's decedent, Jerome Gill, had the right to be free from injury from unreasonable, malicious, and excessive force from state actors such as defendants, as protected by the Fourth and Fourteenth Amendments to the Constitution of the United States.

27. As described above, defendants Ross, Jones, Ugarte, Walls, Newsom, and Marra violated plaintiff's decedent's right to be free from

6

unreasonable, malicious, excessive force when they struck, punched, kicked and tasered Jerome Gill while handcuffed causing injuries while he was under their dominion and control.

28. As a result of defendants Ross, Jones, Ugarte, Walls, Newsom, and Marra's concerted unjustified and excessive use of force, the decedent Jerome Gill suffered extreme injuries, pain as well as extreme emotional distress, anguish, and death.

29. On information and belief, defendants Brown, Contreras, and Wilk were also present during the events alleged above but appear to have played no personal role in the actual use of force on the plaintiff's decedent, but instead had a reasonable opportunity to prevent the harm done to Jerome Gill and could and should have intervened to prevent Ross, Jones, Ugarte, Walls, Newsom, and Marra's unjustified and excessive use of force. As a result of that failure to intervene, Jerome Gill suffered pain and injury, as well as emotional distress, and ultimately death.

30. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference and callous disregard to the decedent, Jerome Gill's, constitutional rights.

31. The misconduct described was undertaken with malice, willfulness, and reckless indifference to the rights of others.

## Count II
## [§ 1983 Monell Claim]

32. Plaintiff Lessie Gill Dandridge, hereby realleges and incorporates paragraphs one through thirty-one, above, as and for this paragraph thirty-two of Count II.

33. At all times relevant to this complaint, Ross, Jones, Marra, Ugarte, Walls, Newsom, Brown, Contreras, and Wilk, were acting under the direction and control of defendant Thomas Dart in his capacity as Sheriff of Cook County.

34. Dart, as Sheriff of Cook County, was final decision maker with respect to policies and procedures to be carried out by employees of The Cook County Sheriff Department.

35. Upon information and belief, the Cook County Sheriff's Department knowingly, and with callous disregard for plaintiff's decedent's rights, failed to properly instruct, supervise, control, and discipline on a continuing basis employees of the Department, including but not limited to defendants Ross, Jones, Marra, Ugarte, Walls, Newsom, Brown, Contreras, and Wilk, in their duties to refrain from unlawfully and maliciously using excessive and unreasonable force when restraining individuals.

36. Defendant Dart, on behalf of defendant Cook County failed to develop, maintain, and enforce proper procedures and conduct proper

training of their employees, including but not limited to defendants Ross, Jones, Marra, Ugarte, Walls, Newsom, Brown, Contreras, and Wilk, and failed to control or discipline those employees on a continuing basis, thereby causing the violation of plaintiff's decedent's rights.

37. Defendant Dart had the obligation on behalf of Cook County to properly instruct, supervise, control, discipline or other wise prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence and knowingly, recklessly, or with deliberate indifference and callous disregard of plaintiff's decedent's rights and refused to do so.

38. As a matter of both policy and practice, the actions and inactions of defendant Dart on behalf of defendant Cook County have facilitated and permitted the very type of misconduct at issue here by failing to adequately investigate, discipline and/or punish prior instances of misconduct similar to that alleged in this Complaint by officers employed by the Cook County Sheriff's Department, thereby leading defendants Ross, Jones, Marra, Ugarte, Walls, Newsom, Brown, Contreras, and Wilk, to believe that their actions would never be scrutinized and, in that way, directly encouraged future abuses such as those which affected plaintiff's decedent, Jerome Gill.

39. As a matter of both policy and practice, defendant Dart and

subordinates under his command and control, attempted to, and did, facilitate cover-ups of abuses fostered upon citizens by officers employed by the Cook County Sheriff's Department, most particularly herein, by fraudulently responding to a Freedom of Information Act request which sought the paperwork generated by the arrest and in-custody death of plaintiff's decedent which had been served by counsel for the plaintiff, Lessie Gill Dandridge.

40. Upon information and belief, as a matter of widespread practice so prevalent as to comprise municipal policy on the part of defendant Cook County, officers of the Cook County Sheriff's Department have abused other citizens in a manner similar to that alleged by plaintiff's decedent, Jerome Gill, in this Complaint.

41. Upon information and belief, defendant Dart in his roles as municipal policymaker is aware of (and condone and facilitate by his inaction) a "code of silence" among employees working for the Cook County Sheriff's Department, including but not limited to defendants Ross, Jones, Marra, Ugarte, Walls, Newsom, Brown, Contreras, and Wilk, by which such employees fail to report misconduct committed by others, such as the misconduct at issue in this case.

42. Upon information and belief, defendant Cook County has failed to act to remedy the patterns of abuse described in the instant Complaint,

10

despite actual knowledge of the same on the part of policymaker Dart, thereby causing the types of injuries and damages alleged herein.

43.  The foregoing acts, omissions, and systematic failures are customs and policies of Cook County and, upon information and belief, caused individuals employed by the Cook County Sheriff's Department including defendants Ross, Jones, Marra, Ugarte, Walls, Newsom, K. Brown, Contreras, and Wilk, that complaints of excessive force would not be honestly or properly investigated, with the foreseeable result that such employees would be likely to use excessive force and/or fail to recognize the need for and to provide necessary medical treatment.

44.  As a direct and proximate cause of the aforesaid acts, omissions, policies and customs of Cook County and defendant Dart, plaintiff's decedent was deprived of rights as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States.

WHEREFORE, plaintiff Lessie Gill Dandridge, as Special Administrator of the Estate of Jerome Gill, deceased, respectfully requests that judgment be entered in her favor for compensatory damages, for punitive damages against the individual defendant officers, plus an award to the plaintiff pursuant to Title 28 U.S.C. § 1988 for attorney's fees and costs, in addition to any other relief from this Court deemed just and proper.

Respectfully Submitted,

/s/ Mark F. Smolens
One of the attorneys for Plaintiff

**MARK F. SMOLENS  #6190482**
**LAW OFFICE OF MARK F. SMOLENS**
**1627 Colonial Parkway**
**Inverness, Il 60067**
**773 - 580-4982**
**ryansmolensjones@hotmail.com**

**RICHARD R. MOTTWEILER #3123509**
**MICHAEL C. CANNON #6296028**
**NICOLE L. BARKOWSKI #6295834**
**MOTTWEILER & ASSOCIATES**
**1627 Colonial Parkway**
**Inverness, IL 60067**
**312-259-0234**
**tcblaw@aol.com**