UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Lessie Gill Dandridge, ) <br> as the Special Administrator of the ) <br> Estate of JEROME GILL, deceased, ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COOK COUNTY, THOMAS DART, ) <br> The Sheriff of Cook County, sued ) <br> in his Official Capacity, TERRANCE ROSS, ) <br> ROY JONES, SALVATORE MARRA, LEON ) <br> UGARTE, MIZELL WALLS, SGT. GARY ) <br> NEWSOM, KIMBERLY BROWN, GARY ) <br> CONTRERAS, and CRAIG WILK, ) <br>    Defendants. ) | No. 12-CV-5458 <br><br> Judge Dow |

## ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

NOW COME the Defendants, Cook County Sheriff Thomas Dart ("Sheriff") and the County of Cook ("County") (collectively, "Defendants"), through their counsel, Anita Alvarez, State's Attorney of Cook County, and R. Seth Shippee, Assistant State's Attorney, and submit their Answer to Plaintiff Lessi Gill Dandridge ("Plaintiff")'s Amended Complaint as follows:

1. This action seeks damages under federal law, Title 42 U.S.C. Section 1983, for defendants actions of July 2010 which violated plaintiff's decedent s rights under the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER:** Defendants admit that this action seeks damages under federal law, Title 42 U.S.C. Section 1983. Defendants deny the remaining allegations contained in Paragraph 1.

### Jurisdiction and Venue

2. The jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. Sections

1331 and 1343, and venue in this District is predicated upon Title 28 U.S.C. Section 1391(b) as all events giving rise to the claims asserted herein took place within this Northern District of Illinois.

**ANSWER:** Defendants admit that jurisdiction and venue are properly in this Court. Defendants deny the remaining allegations contained in Paragraph 2.

Parties

3. Plaintiff, Lessie Gill Dandridge, brings this action as the Special Administrator of the Estate of Jerome Gill, deceased. Lessie Gill Dandridge, is the natural mother of the decedent, Jerome Gill.

**ANSWER:** Defendants admit that Plaintiff brings this action as the Special Administrator of the Estate of Jerome Gill, deceased. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3.

4. At all times material hereto, the plaintiff s decedent, Jerome Gill was a resident of the city of Melrose Park, County of Cook, State of Illinois, in this District. Jerome Gill died on July 15, 2010.

**ANSWER:** Defendants admit that Jerome Gill died on July 15, 2010. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4.

5. Cook County, Illinois is a municipal entity organized under the laws of the State of Illinois.

**ANSWER:** Defendants admit the allegations contained in Paragraph 5.

6. Defendant Thomas Dart is the elected Cook County Sheriff, duly authorized by the State to manage, maintain, and control a police department, hereinafter referred to as the Cook County Sheriff s Police Department. He is being sued in his official capacity because he is responsible for directing, implementing and controlling certain policies and customs of the Cook

County Sheriff s Department, as more fully alleged herein, that proximately caused various injuries and ultimately the death of the plaintiff s decedent, all of which took place in violation of Section 1983.

    **ANSWER:**    Defendants deny that any policies or customs of the Cook County Sheriff's Department proximately caused various injuries and ultimately the death of the plaintiff's decedent in violation of Section 1983. Defendants admit the remaining allegations contained in Paragraph 6.

    7.    Terrance Ross #164 [hereinafter Ross ] was a sworn law enforcement officer employed by the Cook County Sheriff s Department. At all times material hereto defendant Ross was acting under color of state law and within the scope of his employment with the Cook County Sheriff s Department. Ross is sued individually.

    **ANSWER:**    Defendants admit the allegations contained in Paragraph 7.

    8.  Roy Jones #161 [hereinafter Jones ] was a sworn law enforcement officer employed by the Cook County Sheriff s Department. At all times material hereto defendant Jones as acting under color of state law and within the scope of his employment with the Cook County Sheriff s Department. Jones is sued individually.

    **ANSWER:**    Defendants admit the allegations contained in Paragraph 8.

    9.  Salvatore Marra #226 [hereinafter Marra ] was a sworn law enforcement officer employed by the Cook County Sheriff s Department. At all times material hereto defendant Marra was acting under color of state law and within the scope of his employment with the Cook County Sheriff s Department. Marra is sued individually.

    **ANSWER:**    Defendants admit the allegations contained in Paragraph 9.

    10.    Leon Ugarte #320 [hereinafter Ugarte ] was a sworn law enforcement officer employed by the Cook County Sheriff s Department. At all times material hereto defendant Ugarte was acting under color of state law and within the scope of his employment with the Cook County

Sheriff s Department. Ugarte is sued individually.

  **ANSWER:** Defendants admit the allegations contained in Paragraph 10. Answering further, the correct spelling of Officer Ugarte's first name is "Leone".

  11. Mizell Walls #389 [hereinafter Walls ] was a sworn law enforcement officer employed by the Cook County Sheriff s Department. At all times material hereto defendant Walls was acting under color of state law and within the scope of his employment with the Cook County Sheriff s Department. Walls is sued individually.

  **ANSWER:** Defendants admit the allegations contained in Paragraph 11.

  12. Sgt. Gary Newsom #65 [hereinafter Newsom ] was a sworn law enforcement officer employed by the Cook County Sheriff s Department. At all times material hereto defendant Newsom was acting under color of state law and within the scope of his employment with the Cook County Sheriff s Department. Newsom is sued individually.

  **ANSWER:** Defendants admit the allegations contained in Paragraph 12.

  13. Kimberly Brown #123 [hereinafter Brown ] was a sworn law enforcement officer employed by the Cook County Sheriff s Department. At all times material hereto defendant Brown was acting under color of state law and within the scope of her employment with the Cook County Sheriff s Department. Brown is sued individually.

  **ANSWER:** Defendants admit the allegations contained in Paragraph 13.

  14. Gary Contreras #306 [hereinafter Contreras ] was a sworn law enforcement officer employed by the Cook County Sheriff s Department. At all times material hereto defendant Contreras was acting under color of state law and within the scope of his employment with the Cook County Sheriff s Department. Contreras is sued individually.

  **ANSWER:** Defendants admit the allegations contained in Paragraph 14. Answering further, Gary Contreras's rang was that of Sergeant.

  15. Craig Wilk # 397 [hereinafter Wilk ] was a sworn law enforcement officer employed

by the Cook County Sheriff s Department. At all times material hereto defendant Wilk was acting under color of state law and within the scope of his employment with the Cook County Sheriff s Department. Wilk is sued individually.

      **ANSWER:** Defendants admit the allegations contained in Paragraph 15.

Common Facts

16. On July 15, 2010, at approximately 12:30 p.m. the unarmed plaintiff s decedent, Jerome Gill, was arrested near his home at 1730 West 1st Avenue in Melrose Park Illinois.

      **ANSWER:** Defendants admit that Jerome Gill ("Gill") was arrested on July 15, 2010 at approximately 12:17 p.m. in the vicinity of 1730 North First Avenue in Melrose Park, Illinois. Defendants admit that Gill was not armed with a weapon at the time of his arrest. Defendants are without knowledge or information sufficient to form a belief as to whether 1730 W. First Ave. in Melrose Park, Illinois was Gill's home.

17. Upon information and belief, one or more of defendants Ross, Jones, Ugarte, Walls, and Newsom repeatedly punched, kicked and/or struck Jerome Gill about his body, face and head, both prior to and after Jerome Gill was handcuffed.

      **ANSWER:** Defendants deny the allegations contained in Paragraph 17.

18. Upon information and belief, defendant Marra tasered Jerome Gill multiple times, at least once while he was handcuffed.

      **ANSWER:** Defendants admit that Officer Marra deployed a Taser to subdue Gill while Gill was struggling with other officers and attempting to flee. Defendants deny that Officer Mara "tasered" Gill multiple times. Answering further, Defendants admit that Officer Mara deployed a Taser only once and, as Gill struggled with officers and attempted to flee, pulled the Taser's trigger an additional two to four times to subdue Gill. Defendants deny that Officer Mara utilized the Taser on Gill at

anytime while Gill was handcuffed.

19. Jerome Gill suffered multiple injuries to the head, face and body including bruising, abrasions, skull fracture, subgaleal hemorrhage, and broken nose. Defendant officers left at least one metal taser probe embedded in Jerome Gill's back.

**ANSWER:** Defendants admit that Gill was injured. Defendants deny that any defendant officer left at least one metal taser probe embedded in Gill's back. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19.

20. Jerome Gill was transported to Gottlieb Memorial Hospital in Melrose Park, Illinois where he was treated for his injuries.

**ANSWER:** Defendants admit the allegations contained in Paragraph 20.

21. Jerome Gill subsequently passed away while being treated for those injuries at approximately 1:30 p.m. on July 15, 2010.

**ANSWER:** Defendants admit that Gill passed away in the Gottlieb Hospital emergency room on July 15, 2010. Defendants are without knowledge or information sufficient to form a belief as to whether Gill was being treated for injuries at the time of his death. Defendants are without knowledge or information sufficient to form a belief as to the truth of whether Gill died at approximately 1:30 p.m. Answering further, Defendants admit that Gill was pronounced dead by an emergency room doctor at 1:35 p.m.

22. Defendants Brown, Contreras, and Wilk were in the vicinity of the 1700 block of West 1st Avenue in Melrose Park Illinois and witnessed or participated in the above described use of tasers and other violence against Jerome Gill.

**ANSWER:** Defendants admit that Officers Brown, Contreras, and Wilk were in the

vicinity of the 1700 block of North First Avenue in Melrose Park, Illinois. Defendants admit that Officers Brown, Contreras, and Wilk each separately witnesses certain events at issue in Plaintiff's Amended Complaint. Defendants admit that Officers Brown, Contreras, and Wilk individually participated in one or more events at issue in Plaintiff's Amended Complaint. Defendants admit that Officer Wilk witnessed certain events involving the use of a Taser to subdue Gill. Defendants deny that either Officer Contreras or Officer Brown witnessed the use of a Taser to subdue Gill. Defendants deny that Officers Brown, Contreras, or Wilk witnessed or participated in any use of "violence" against Gill.

23. By reason of the above-described acts and omissions of defendants Ross, Jones, Marra, Ugarte, Walls, Newsom, Brown, Contreras, and Wilk, the plaintiff s decedent, Jerome Gill, sustained severe physical injuries along with other injuries including humiliation, indignities, and suffered great mental and emotional pain and suffering, all to his damage.

**ANSWER:** Defendants deny the allegations contained in Paragraph 23.

24. The aforementioned acts of defendants Ross, Jones, Marra, Ugarte, Walls, Newsom, Brown, Contreras, and Wilk, were willful, wanton, malicious, oppressive, and done with reckless indifference to and/or callous disregard for plaintiff s decedent s rights and justify an award of exemplary and punitive damages.

**ANSWER:** Defendants deny the allegations contained in Paragraph 24.

## COUNT I
### [§1983 Excessive Force]

25. Plaintiff Lessie Gill Dandridge, hereby realleges and incorporates paragraphs one through twenty-four, above, as and for this paragraph twenty-five of Count I.

**ANSWER:** Defendants adopt and incorporate their answers to Paragraphs 1 through 24 as their answer to Paragraph 25.

26. At all times relevant hereto, plaintiff's decedent, Jerome Gill, had the right to be free from injury from unreasonable, malicious, and excessive force from state actors such as defendants, as protected by the Fourth and Fourteenth Amendments to the Constitution of the United States.

**ANSWER:** Defendants deny that they unreasonably or maliciously injured Gill or injured him through the use of excessive force. Defendants admit that at all relevant times Gill had a constitutional right to be free from excessive force by state actors.

27. As described above, defendants Ross, Jones, Ugarte, Walls, Newsom, and Marra violated plaintiff's decedent's right to be free from unreasonable, malicious, excessive force when they struck, punched, kicked and tasered Jerome Gill while handcuffed causing injuries while he was under their dominion and control.

**ANSWER:** Defendants deny the allegations contained in Paragraph 27.

28. As a result of defendants Ross, Jones, Ugarte, Walls, Newsom, and Marra's concerted unjustified and excessive use of force, the decedent Jerome Gill suffered extreme injuries, pain as well as extreme emotional distress, anguish, and death.

**ANSWER:** Defendants deny the allegations contained in Paragraph 28.

29. On information and belief, defendants Brown, Contreras, and Wilk were also present during the events alleged above but appear to have played no personal role in the actual use of force on the plaintiff's decedent, but instead had a reasonable opportunity to prevent the harm done to Jerome Gill and could and should have intervened to prevent Ross, Jones, Ugarte, Walls, Newsom, and Marra's unjustified and excessive use of force. As a result of that failure to intervene, Jerome Gill suffered pain and injury, as well as emotional distress, and ultimately

death.

> **ANSWER:** Defendants admit that Officers Brown, Contreras, and Wilk were present during certain events at issue in Plaintiff's Complaint. Defendants admit that Officers Brown, Contreras, and Wilk played no personal role in any use of force on the Plaintiff's decedent. Defendants deny the remaining allegations contained in Paragraph 29.

30. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference and callous disregard to the decedent, Jerome Gill s, constitutional rights.

> **ANSWER:** Defendants deny the allegations contained in Paragraph 30.

31. The misconduct described was undertaken with malice, willfulness, and reckless indifference to the rights of others.

> **ANSWER:** Defendants deny the allegations contained in Paragraph 31.

## Count II
### [§ 1983 Monell Claim]

32. Plaintiff Lessie Gill Dandridge, hereby realleges and incorporates paragraphs one through thirty-one, above, as and for this paragraph thirty-two of Count II.

**ANSWER:** Defendants restate and incorporate their answers to Paragraphs 1 through 31 as their answer to Paragraph 32.

33. At all times relevant to this complaint, Ross, Jones, Marra, Ugarte, Walls, Newsom, Brown, Contreras, and Wilk, were acting under the direction and control of defendant Thomas Dart in his capacity as Sheriff of Cook County.

> **ANSWER:** Defendants admit the allegations contained in Paragraph 33.

34. Dart, as Sheriff of Cook County, was final decision maker with respect to

policies and procedures to be carried out by employees of The Cook County Sheriff Department.

**ANSWER:** Defendants admit the allegations contained in Paragraph 34.

35. Upon information and belief, the Cook County Sheriff s Department knowingly, and with callous disregard for plaintiff s decedent s rights, failed to properly instruct, supervise, control, and discipline on a continuing basis employees of the Department, including but not limited to defendants Ross, Jones, Marra, Ugarte, Walls, Newsom, Brown, Contreras, and Wilk, in their duties to refrain from unlawfully and maliciously using excessive and unreasonable force when restraining individuals.

**ANSWER:** Defendants deny the allegations contained in Paragraph 35.

36. Defendant Dart, on behalf of defendant Cook County failed to develop, maintain, and enforce proper procedures and conduct proper training of their employees, including but not limited to defendants Ross, Jones, Marra, Ugarte, Walls, Newsom, Brown, Contreras, and Wilk, and failed to control or discipline those employees on a continuing basis, thereby causing the violation of plaintiff s decedent s rights.

**ANSWER:** Defendants deny the allegations contained in Paragraph 36.

37. Defendant Dart had the obligation on behalf of Cook County to properly instruct, supervise, control, discipline or otherwise prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence and knowingly, recklessly, or with deliberate indifference and callous disregard of plaintiff s decedent s rights and refused to do so.

**ANSWER:** Defendants deny the allegations contained in Paragraph 37.

38. As a matter of both policy and practice, the actions and inactions of defendant Dart on behalf of defendant Cook County have facilitated and permitted the very type of misconduct at issue here by failing to adequately investigate, discipline and/or punish prior

instances of misconduct similar to that alleged in this Complaint by officers employed by the Cook County Sheriff s Department, thereby leading defendants Ross, Jones, Marra, Ugarte, Walls, Newsom, Brown, Contreras, and Wilk, to believe that their actions would never be scrutinized and, in that way, directly encouraged future abuses such as those which affected plaintiff s decedent, Jerome Gill.

  **ANSWER:** Defendants deny the allegations contained in Paragraph 38.

  39. As a matter of both policy and practice, defendant Dart and subordinates under his command and control, attempted to, and did, facilitate cover-ups of abuses fostered upon citizens by officers employed by the Cook County Sheriff s Department, most particularly herein, by fraudulently responding to a Freedom of Information Act request which sought the paperwork generated by the arrest and in-custody death of plaintiff s decedent which had been served by counsel for the plaintiff, Lessie Gill Dandridge.

  **ANSWER:** Defendants deny the allegations contained in Paragraph 38.

  40. Upon information and belief, as a matter of widespread practice so prevalent as to comprise municipal policy on the part of defendant Cook County, officers of the Cook County Sheriff s Department have abused other citizens in a manner similar to that alleged by plaintiff s decedent, Jerome Gill, in this Complaint.

  **ANSWER:** Defendants deny the allegations contained in Paragraph 38.

  41. Upon information and belief, defendant Dart in his roles as municipal policymaker is aware of (and condone and facilitate by his inaction) a "code of silence" among employees working for the Cook County Sheriff s Department, including but not limited to defendants Ross, Jones, Marra, Ugarte, Walls, Newsom, Brown, Contreras, and Wilk, by which such employees fail to report misconduct committed by others, such as the misconduct at issue in this case.

**ANSWER:** Defendants deny the allegations contained in Paragraph 41.

42. Upon information and belief, defendant Cook County has failed to act to remedy the patterns of abuse described in the instant Complaint, despite actual knowledge of the same on the part of policymaker Dart, thereby causing the types of injuries and damages alleged herein.

**ANSWER:** Defendants deny the allegations contained in Paragraph 42.

43. The foregoing acts, omissions, and systematic failures are customs and policies of Cook County and, upon information and belief, caused individuals employed by the Cook County Sheriff s Department including defendants Ross, Jones, Marra, Ugarte, Walls, Newsom, K. Brown, Contreras, and Wilk, that complaints of excessive force would not be honestly or properly investigated, with the foreseeable result that such employees would be likely to use excessive force and/or fail to recognize the need for and to provide necessary medical treatment.

**ANSWER:** Defendants deny the allegations contained in Paragraph 43.

44. As a direct and proximate cause of the aforesaid acts, omissions, policies and customs of Cook County and defendant Dart, plaintiff s decedent was deprived of rights as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States.

**ANSWER:** Defendants deny the allegations contained in Paragraph 44.

## <u>DEFENDANTS' AFFIRMATIVE DEFENSE</u>

### (Immunity from Punitive Damages)

1. Plaintiff remaining claims assert claims against Defendants in their official capacities.

2. An official capacity suit is tantamount to a claim against the government entity itself.

3. A municipal government entity is immune from punitive damages under 42

U.S.C. § 1983.

    4.       In their official capacities, Defendants are all municipal government entities.

    5.       Defendants are immune from Plaintiff's claim for punitive damages.

                        ANITA ALVAREZ

                        State's Attorney of Cook County

              By:    /s/R. Seth Shippee
                        Assistant State's Attorney
                        500 Richard J. Daley Center
                        Chicago, IL 60602
                        312/603-6299